
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DESIREE MELISSA NORWOOD,<br>Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:11-CV-481-Y |
| JOE KEFFER, Warden,<br>FMC-Carswell,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Desiree Melissa Norwood, Reg. No. 10760-003, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell. No service has issued upon respondent.

C. Procedural History

On July 22, 2010, in the Southern District of Alabama, petitioner pled guilty to bank fraud and possession of counterfeiting instruments pursuant to a plea agreement, and, on July 22, 2010, was sentenced to a term of 27 months' incarceration for each offense in Criminal Docket No. 1:09-CR-174-CG-C-1. *See* CM/ECF, Criminal Docket # 1:09-CR-174-CG-C-1. Petitioner did not appeal her convictions or sentences nor does the docket reflect that she filed a §2255 motion to vacate in the convicting court. *Id.* Petitioner filed this federal petition under § 2241 in this division, where she is currently serving her sentence.

D. Discussion

By the instant habeas corpus action, petitioner raises issues relevant to the criminal proceedings in the Alabama case. (Pet.) Specifically, she claims (1) her plea agreement stated she would be sentenced at the lower end of the advisory guideline but she was sentenced at the higher end, (2) her "statement of reasons" stated the range of punishment as 21-27 months but the advisory guideline sentence determination stated a range of not greater than 24 months, and (3) the indictment mistakenly asserted Whitney Bank as a victim.

Typically, 28 U.S.C. § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *Evans v. Jeter*, 215 Fed. Appx. 374, 375 (5th Cir. 2007) (not designated for publication in the Federal Reporter). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence.[1] *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

---

[1] It is recognized that § 2241 may be used by a federal prisoner to challenge the legality of a conviction or sentence if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a
(continued...)

2

Because petitioner's claims involve a collateral attack on her convictions and/or sentences, they must be asserted in a § 2255 motion, and the only court with jurisdiction to determine such a motion is the convicting court, *i.e.*, the Mobile Division of the Southern District of Alabama.

Petitioner is precluded from challenging the legality of her convictions and sentences under § 2241. The court is without jurisdiction to consider the petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that petitioner's petition for writ of habeas corpus under § 2241 be DISMISSED for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 5, 2011. In order to be specific, an objection must identify the specific

---

[1](...continued)
prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of [her] detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.

3

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August 5, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 15th, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4